**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:17-CR-216-ADA** |
| | § | |
| **DANIEL JEREMIAH PLEAS** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.   PROCEDURAL BACKGROUND**

The Defendant was convicted of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The Defendant was sentenced to twenty-four (24) months imprisonment, followed by a three (3) year term of supervised release. Defendant was released to supervision on October 14, 2022. On August 12, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision,

1

alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated mandatory condition Number 3, in that, on or about July 30, 2024, the defendant unlawfully used a controlled substance, namely methamphetamine.
>
> **Violation Number 2:** The defendant violated the special condition set forth in the Order Continuing the defendant's supervised release, in that, the defendant failed to attend intensive outpatient treatment on the following dates: June 5, 2024, June 11, 2024, July 15, 2024, July 24, 2024, and July 30, 2024.
>
> **Violation Number 3:** The defendant violated mandatory condition Number 1, in that on or about June 11, 2024, he drove a vehicle in wanton disregard for the safety of persons or property on a highway, in violation of T.T.C. § 545.401(a)(c)(2).

At the hearing, Defendant pleaded TRUE as to violation numbers 1, 2, and 3. The petition contained a sufficient factual basis to support all of the violations.

## II.  FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violations 1, 2, and 3.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

12. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations 1, 2, and 3.

13. The Defendant understood his statutory and constitutional rights and desired to waive them.

14. The petition contains a sufficient factual basis to support Defendant's pleas of TRUE to violations numbered 1, 2, and 3.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be continued with all terms and conditions previously imposed, and that Defendant attend in-patient treatment at the

Restoration of Hope in Texarkana Texas, as laid out in Defendant's Exhibit No. 1 (Acceptance Letter from Restoration of Hope) where Defendant will be placed on an electronic monitoring device to the extent Defendant's Probation Officer finds it necessary. **IT IS ALSO RECOMMENDED** that Defendant be **ORDERED** to remain in custody until the probation office determines satisfactory transportation to the Restoration of Hope and living arrangements for Defendant. Finally, it is **RECOMMENDED** that it be **ORDERED** that if Defendant again violates the terms of his supervised release, he be brought before the undersigned for any supervised release revocation hearing, if at all possible.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of September, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE